[Civ. No. 12154. Second Appellate District, Division Two.—May 2, 1939.]

CROSS WATER COMPANY (a Corporation) et al., Respondents, v. TERESA FERRERO, Defendant and Appellant; BARTOLOMEO RAVERA et al., Interveners and Appellants.

Stoner & Gardner, E. Marion Crawford, Samuel C. Stoner, Joseph Harris Brewer, Pacht, Pelton, Warne & Black and Clore Warne for Defendant and Appellant.

No appearance for Appellants Ravera.

Gerald E. Kerrin, as *Amicus Curiae*, on Behalf of Appellant.

M. I. Church for Respondents.

McCOMB, J.—From a judgment in favor of plaintiffs after trial before the court without a jury in an action to

enjoin the pumping or use of a water well by defendant Teresa Ferrero on her property she appeals.

The essential facts are:

October 11, 1911, Cross Land Company conveyed to the Cross Water Company, a mutual water company, the exclusive right to develop ⅕ of a miner's inch of water per acre (approximately 450 miner's inches of water for the entire tract conveyed) on 2,066 acres of land located in the San Gabriel water basin known as tract 1343 (see book 4679, page 306 of deeds in the office of the county recorder of Los Angeles County, California). January 19, 1922, Cross Land Company conveyed thirty acres of land in block 15 in said tract 1343, together with thirty shares of water stock in the Cross Water Company to defendant Teresa Ferrero and her husband as joint tenants. Prior to the present action said defendant's husband died, vesting the title in the thirty acres of land and water stock just mentioned in said defendant.

Thereafter said defendant by failing to pay assessments levied on the water stock owned by her forfeited the same. May 28, 1932, the United States District Court in and for the Southern District of California, Central Division (case No. K–16–J), in a quiet title action, to which both plaintiff water company and said defendant were parties, upon the consent of the parties, entered a decree in favor of the Cross Water Company quieting its title to extract 450 miner's inches of water from tract 1343. By the same decree the Cross Land Company, also a party to said action, was given the exclusive right to extract from said tract 1343 all excess water over and above the 450 miner's inches of water, the title to which it vested in the Cross Water Company.

In 1934 defendant Teresa Ferrero drilled a water well upon her land and continued thereafter to pump said well and extract water from block 15 in tract 1343. Plaintiff A. V. Handorf, Jr., is a stockholder in the Cross Water Company. The trial court in the present action enjoined said defendant from further operating this well and awarded damages in favor of plaintiffs in the sum of $350.

Defendant Teresa Ferrero relies for reversal of the judgment on these propositions:

*First: There is no substantial evidence to sustain the trial court's finding of fact as follows:*

" . . . That it is true that since the said forfeiture of defendant's stock in said Company, said defendant has had no right, title and/or interest in and to any of the said waters pumped from her said well and does not now have any right, title and/or interest in and to any waters whatsoever for irrigation or domestic purposes in, upon or under her said land, or any other land belonging to her located within said Tract No. 1343."

Second: The superior court was . without jurisdiction to try the present action, the exclusive jurisdiction of said action being vested in the federal court.

Third: The title to the excess water acquired by the Cross Land Company through the federal decree of May 28, 1932, passed to defendant Teresa Ferrero by virtue of the grant deed from said company to her and her husband dated January 19, 1922.

The first proposition is untenable. An examination of the record discloses substantial evidence in connection with the inferences which may be reasonably drawn therefrom to sustain the facts set forth above, the findings of facts questioned by defendant Teresa Ferrero, and each and every finding of fact necessary to support the trial court's judgment. For example, it is conceded by the Cross Water Company and defendant Teresa Ferrero that the Cross Water Company had the prior and exclusive right to extract 450 miner's inches of water from tract 1343. In addition thereto the decree entered in the federal court on May 28, 1932, with the consent of defendant Teresa Ferrero vested in the Cross Land Company all water underlying said tract in excess of 450 miner's inches, the title to which was quieted by said decree in the Cross Water Company.

It is therefore evident that the right to extract the sum total of all water lying beneath tract 1343 was vested in the Cross Water Company and the Cross Land Company.

The second question must also be answered in the negative. The federal court action No. K–16–J was an action to quiet title to water rights, while the present action is for an injunction to restrain the operation of a well which defendant Teresa Ferrero constructed subsequent to entry of the federal decree. The facts and the relief asked in each action are entirely separate and distinct.

Defendant Teresa Ferrero's final contention is likewise without merit. The deed from Cross Land Company

to said defendant and her husband contained this reservation:

"There is hereby reserved to the grantor all water found in and under the said lands and premises, except one-fifth of a miner's inch of water, measured under a four-inch pressure, for each one acre of land hereby conveyed, which the said grantee shall have the right to extract and use on said lands and premises for domestic purposes thereof, but said grantee shall not have the right to export the same, or any part thereof, from the said lands."

By the consent decree entered in the federal court on May 28, 1932, defendant Teresa Ferrero consented that the title to the water in excess of ⅕ of a miner's inch be vested in the Cross Land Company. It is obvious also that the right to extract ⅕ of a miner's inch of water referred to in the deed above quoted from the Cross Land Company to defendant Teresa Ferrero was by said defendant through said consent decree relinquished to the Cross Water Company; and, since the deed to said defendant expressly reserved water in excess of ⅕ of a miner's inch in the grantor, said defendant's contention that the vesting of title in the Cross Land Company to the excess water in turn passed title to such excess water to her under said grant deed is without merit.

For the foregoing reasons the judgment appealed from is affirmed. The appeal of Bartolomeo Ravera and Pauline Ravera has not been perfected in this court. Therefore, it is dismissed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 30, 1939.